JAMES P. KRAUZLIS, ESQ.,
BADIAK & WILL, LLP
106 3rd Street
Mineola, New York 11501
Our file: 07-H-344-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

FIREMAN'S FUND INSURANCE COMPANY,
a/s/o Pride Mobility Products, Corp.,

                       Plaintiff,

   - against -

RE TRANSPORTATION, INC.          ,

                       Defendant.

-------------------------------------------------------------------x

07 Civ.          (     )

**COMPLAINT**

        Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o Pride Mobility Products, Corp., by its attorneys, Badiak &Will, LLP, as and for its Complaint herein against the defendants, alleges upon information and belief as follows:

        1.    All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

        2.    Plaintiff, FIREMAN'S FUND INSURANCE COMPANY (hereinafter referred to as "FFIC"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at 75 Wall Street, New York, New York 10005, and provided all risk cargo insurance covering the subject shipment hereinafter described.

3. Plaintiff FFIC has paid the consignees and owners of the shipments mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shippers and consignees hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant, RE TRANSPORTATION, INC., (hereinafter "RE TRANS"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 1755 Transcentral Ct., Suite 100, Houston, Texas 77032, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. MARFRET PROVENCE as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of New York and Melbourne, Australia.

5. On or before October 27, 2006, there was shipped by Pride Mobility Products, Corp., and delivered to RE TRANS and the aforementioned vessel, at Duryea, Pennsylvania, as common carriers, a shipment consisting of one hundred seventeen (117) cartons of electric scooters and parts, then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Melbourne, Australia, via the Port of New York, and there deliver same in like good order and

condition as when shipped, delivered to and received by them, to Pride Mobility, Inc., of Dandenong South Victoria, Australia, the consignee and the plaintiff's assured, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant RE TRANS numbered IHE0612395, dated on or about October 27, 2006.

6. Thereafter the defendant made delivery of the aforementioned shipment, but not in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

7. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $15,951.00.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all of their property within this District be attached in the sum of $15,951.00, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff against defendant for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
December 3, 2007

                                  BADIAK & WILL, LLP
                                  Attorneys for Plaintiff,
                                  Fireman's Fund Insurance Co.

                                  By: _____
                                      JAMES P. KRAUZLIS (JK-4972)